UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gebregziabher G. Seretse,　　　　　　　　　　　File No. 12-cv-323 (SRN/TNL)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　**REPORT & RECOMMENDATION**

Andersen Corporation,

　　　　　　Defendant.

---

Gebregziabher G. Seretse, 545 North Snelling Avenue, Apartment 215, St. Paul, MN 55104 (pro se Plaintiff); and

David M. Wilk, Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101-4922 (for Defendant).

---

　　　　This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Andersen Corporation's ("Andersen") Motion to Dismiss (Docket No. 16). This motion has been referred to the undersigned for a report and recommendation to the Honorable Susan Richard Nelson, United States District Judge, under 28 U.S.C. § 636 and Local Rule 72.1. (Docket No. 38.)

　　　　A hearing was held on February 4, 2013. (Docket No. 42.) Plaintiff Gebregziabher G. Seretse ("Seretse") appeared pro se and David M. Wilk appeared on behalf of Andersen.

1

## I.

Seretse brings this employment-discrimination action regarding acts that occurred between November 2010 and December 2010 when he worked for Andersen as a seasonal worker. (Am. Compl. ¶¶ 9, 10, 13-22, Docket No. 12.) Seretse's claims include national-origin discrimination, age discrimination, retaliation, and reprisal. (*Id.* ¶¶ 23-52.)

## II.

This litigation has taken a circuitous and rather atypical path. Seretse filed his initial Complaint in February 2012. (Docket No. 1.) In June, pursuant to its authority under Fed. R. Civ. P. 4(m), this Court issued an Order stating that more than 120 days had elapsed since the filing of this matter and there was no record that the Complaint had been served. (Order at 1, June 7, 2012, Docket No. 6.) *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time."). Seretse was directed to file proof of service of the Complaint, notify Andersen of its need to answer, and, if no answer was filed, to file an application for default judgment. (Order at 1, June 7, 2012.) Alternatively, Seretse was to advise the Court of any good cause concerning his failure to serve the Complaint. (*Id.*) *See* Fed. R. Civ. P. 4(m) (requiring the Court to extend the time for service if "plaintiff shows good cause for the failure").

Seretse subsequently filed a series of requests for additional time to comply with the Court's Order and was ultimately given until early September. (*See* Docket Nos. 7-11.) At the end of August, Seretse filed an Amended Complaint. *See* Fed. R. Civ. P. 15(a)(1) (permitting a party to amend its pleading once as a matter of course within 21 days of service). Seretse did not, however, file proof that the Complaint or the Amended Complaint had been served and did not otherwise respond to the Court's Order. Because Seretse had not filed proof of service, moved for entry of default judgment, or shown good cause as to why service had not been completed, this Court issued a Report and Recommendation, recommending that Judge Nelson dismiss this matter without prejudice pursuant to Fed. R. Civ. P. 4(m). (Report & Recommendation at 1-2, Sept. 17, 2012, Docket No. 13.)

While this Court's Report and Recommendation was pending before Judge Nelson, Seretse requested that a summons be issued to Andersen. At the end of September, Seretse returned the "executed" summons. (Summons, Docket No. 14.) Included with this paperwork was a proof-of-service form, which stated only that it was for Andersen and contained no information other than Seretse's signature and the date. (*Id.* at 2.) Attached to the proof-of-service form were two receipts from the United States Post Office. (*Id.* at 3.) The first, dated August 28, 2012, showed two letters being sent via first-class mail to Bayport, Minnesota. (*Id.*) The second, dated September 24, 2012, showed two letters being sent via certified first-class mail with return receipt requested to Bayport. (*Id.*) Copies of the return-receipt "green" cards follow, showing that these two letters were sent to and received by Andersen in Bayport. (*Id.* at 4.)

3

In early October, Judge Nelson declined to adopt this Court's Report and Recommendation, stating that "[t]he docket reflects that on September 24, 2012, at the request of Mr. Seretse, a summons was issued by the Clerk's office for service on Defendant. On September 27, 2012, the summons was returned executed, showing Defendant Andersen Corporation was served on September 25, 2012." (Order at 1 (citation omitted), Oct. 4, 2012, Docket No. 15.)

On October 16, Andersen moved "to dismiss plaintiff's Complaint on the grounds of insufficient profess, insufficient service of process and/or lack of personal jurisdiction." (Mot. to Dismiss, Docket No. 16.) A hearing on the motion was scheduled to occur on December 13. (Docket No. 21.)

In mid-November, Seretse requested that he be appointed counsel and the December 13 hearing continued due to his inability to obtain representation. (Docket No. 29.) Andersen opposed moving the hearing date. (Docket No. 30.) The Court denied Seretse's request for appointment of counsel, but indicated that it would refer Seretse to the FBA Pro Se Project administered by the Minnesota Chapter of the Federal Bar Association. (Order at 2, Nov. 28, 2012, Docket No. 31; *see also* Docket No. 32.) Given the time and resources already expended by Andersen and in order to keep this matter moving forward, the Court conditioned rescheduling of the December 13 hearing upon proof demonstrating that Seretse had attempted to contact the FBA Pro Se Project. (Order at 2-4, Nov. 28, 2012.) Ultimately, the December 13 hearing was stricken and a new hearing was scheduled for February 4, 2013. (Order, Dec. 7, 2012, Docket No. 35.)

On January 14, Seretse filed a memorandum in opposition to Andersen's motion to dismiss. (Mem. in Opp'n at 1, Docket No. 37.) This memorandum, however, was miscaptioned as a "Notice of Motion and Motion to Dismiss." (*Id.*)

### III.

Andersen moves for dismissal based on insufficient process and insufficient service of process under Fed. R. Civ. P. 12(b)(4) and (5). (Mem. in Supp. at 3, Docket No. 22.) Andersen contends that (1) Seretse did not properly serve either the Complaint or the Amended Complaint and Andersen has not waived personal service, and (2) Seretse failed to serve Andersen with the summons. (*Id.* at 4.)

Both in his memorandum and at the hearing, Seretse does not dispute that service was not properly effectuated. (*See* Mem. in Opp'n at 1.) Pointing to the fact that Andersen indeed received "the Complaint," Seretse argues that his noncompliance should be excused because of his lack of legal knowledge and someone in the Clerk's Office told him that service could be effectuated through certified mail. (*See id.*)

**A. Service of the Complaint**

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993); *see also Dodco, Inc. v. Am. Bonding Co.*, 7 F.3d 1387, 1388 (8th Cir. 1993) (same). This is true "whether or not [the defendant] had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing

*Printed Media Servs., Inc.*, 11 F.3d at 843); *see also Baden v. Craig-Hallum*, Civ. No. 4-86-565, 115 F.R.D. 582, 586 n.4 (D. Minn. 1987) ("The mere fact that a defendant has received actual notice of the pending action is not sufficient if there has not been compliance with the plain requirements of [R]ule 4.").

Rule 4 provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Service on a corporate defendant such as Andersen can be effectuated by following state law for service of a summons on an individual or by delivering a copy of the summons and complaint to an officer or other authorized agent of the defendant. Fed. R. Civ. P. 4(h)(1); 4(e)(1).

Alternatively, "[t]he plaintiff may notify . . . a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Among other things, the plaintiff's request must "be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form," "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver," and "be sent by first-class mail or other reliable means." *Id.* "If the defendant returns the waiver and the plaintiff files the waiver with the court, the action shall proceed as if a summons and complaint had been served at the timing of filing the waiver. *However, if the defendant does not waive service, service has not been effected.*" *Larsen*, 218 F.3d at 867-68 (emphasis added) (quotation omitted). Thus, if the defendant does not return the waiver form, the plaintiff must still serve the summons and complaint in a manner prescribed by Rule 4. *See* Fed. R. Civ. P. 4(d)(2). While a defendant generally "has a duty to avoid the unnecessary expenses of serving the summons," Fed.

6

R. Civ. P. 4(d)(1), a "defendant[] ha[s] no obligation to waive [its] due process right to proper service." *Adams*, 74 F.3d at 886.

Further, the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, "under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Adams*, 74 F.3d at 887. "[T]he burden is on the party on whose behalf service is required to show 'good cause' why service was not effected within the prescribed 120-day period." *Baden*, 115 F.R.D. at 585 (using former Rule 4(j)); *see* Fed. R. Civ. P. 4 1993 advisory committees note (regarding subdivision (m)).

**B. Standard of Review**

Andersen has moved for dismissal based on both insufficient process and insufficient service of process. *See* Fed. R. Civ. P. 12(b)(4), (5); *see also Adams*, 74 F.3d at 884 n. 2 (stating "[t]he distinction between the[se] two insufficiencies is often blurred, and it is appropriate to present and analyze service issues under both rules"). "On a

7

motion to dismiss brought under Fed. R. Civ. P. 12(b)(4), insufficiency of process, or 12(b)(5), insufficiency of service of process, the plaintiff must establish prima facie evidence that there was sufficient process and service of process." *Hahn v. Bauer*, No. 09-cv-2220 (JNE/JJK), 2010 WL 396228, at *6 (D. Minn. Jan. 27, 2010). While a court must necessarily review affidavits outside of the pleadings when addressing a motion to dismiss pursuant to Rule 12(b)(4) or 12(b)(5), this does not convert the motion to dismiss to one for summary judgment. *Id.* at *5. Whether to dismiss an action for untimely service or extend the time for service under Rule 4(m) is reviewed for an abuse of discretion. *Kurka v. Ia. Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010); *see also Colasante v. Wells Fargo Corp.*, 81 Fed. App'x 611, 612-13 (8th Cir. 2003) (per curiam) (same).

**C. Analysis**

The only evidence of attempted service before the Court is by mail. (*See* Summons.) Although the proof-of-service form Seretse filed does not state the method by which he attempted service, two United States Post Office receipts (dated August 28, 2012, and September 24, 2012) were filed with the form and, giving Seretse's filings the benefit of a liberal construction due to his status as a pro se litigant, the Court determines that these receipts have been enclosed as Seretse's proof of mailing. (*See id.*)

Both the Federal Rules of Civil Procedure and Minnesota state law permit service by mail *when certain requirements are met*. Fed. R. Civ. P. 4(d), 4(e)(1); Minn. R. Civ. P. 4.05. Each jurisdiction requires, among other things, that the mailing include (1) a copy of the summons and complaint; (2) notice of and a request for/acknowledgement of waiver of service; and (3) a prepaid means of returning the waiver/acknowledgement.

8

Fed. R. Civ. P. 4(c)(1), (d)(1)(C); Minn. R. Civ. P. 4.05. "A litigant must be prepared to serve the intended party personally if the party fails to return the signed acknowledgment of service . . . ." *Nieszner v. St. Paul Sch. Dist. No. 625*, 643 N.W.2d 645, 649 (Minn. App. 2002) (citing Minn. R. Civ. P. 4.305); *see* Fed. R. Civ. P. 4(d)(2).

### 1. Documents

As stated above, Rule 4(c) requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c). While the receipts indicate that *something* was mailed to Andersen on August 28 and September 24, they provide no insight as to what was mailed. The Summons itself was not issued until September 24, so it could not have been included in the August 28 mailing. Andersen attests that it only received two copies of "a Complaint" in the August 28 mailing—no summons and no request for a waiver of service. (Aff. James L. Olson ¶ 5, October 31, 2012, Docket No. 23.)

While the Summons could have been included in the September 24 mailing, given that it was issued the same day, there is no indication that it was in fact included. As for this mailing, Andersen attests that, while it again received two copies of "a Complaint," there was still no summons and no request for a waiver of service. (*Id.* ¶ 6.)

In sum, there is no evidence in the record that Seretse ever served Andersen with both the Summons and Complaint as required by Rule 4(c). A litigant's failure to serve the summons and complaint together is itself grounds for dismissal. *Persons v. WDIO-TV*, No. 09-cv-2884 (JRT/LIB), 2011 WL 6225386, at *3 (D. Minn. Nov. 18, 2011), *adopting report and recommendation*, 2011 WL 6140914 (D. Minn. Dec. 9, 2011).

## 2. Method

Even if Seretse had included the proper waiver/acknowledgment of service forms in the mailings, it is undisputed that he did not receive any response from Andersen acknowledging that it would waive personal service. Without such an acknowledgment, any attempt to serve Andersen by mail was ineffective. *See* Fed. R. Civ. P. 4(d)(2); Minn. R. Civ. P. 4.305); *cf. Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 681 (N.D. Ia. 1995) ("Although the certified mail 'green cards' may indicate actual notice of this lawsuit, actual notice does not dispense with the requirements for proper service of process.").

Other alternative service methods, however, were available to Seretse. Both the Federal Rules of Civil Procedure and Minnesota state law permitted Seretse to serve Andersen through one of its officers or managing agents, or any other authorized agent. Fed. R. Civ. P. 4(h)(1)(B); Minn. R. Civ. P. 4.03(c). There is no evidence in the record that such service was ever completed.[1]

## 3. Timeliness

Under Rule 4(m), Seretse had 120 days to serve Andersen after he filed the initial Complaint. Fed. R. Civ. P. 4(m). When a plaintiff has failed to serve the complaint within this period,

> a district court must engage in a two-step analysis of the motion to dismiss a complaint premised upon untimely service of process. First, it must inquire whether the plaintiff has demonstrated good cause for his failure to serve within

---

[1] The return receipts from the September 24 mailing are signed by a "Joe DeVine." (Summons.) The only evidence in the record is that DeVine is a clerk in Andersen's mail room, not an officer, manger, or other authorized agent. (Olson Aff. ¶ 6.)

> the prescribed 120-day period. If the district court concludes that good cause is shown, it must extend the time for service. Second, if good cause is not shown, the district court still retains discretion to grant an extension of time for service. To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect.

*Colasante*, 81 Fed. App'x at 612-13 (citations omitted).

Excusable neglect generally requires "good faith and some reasonable basis for noncompliance with the rules" and a litigant's pro se status can constitute good cause. *Kurka*, 628 F.3d at 957 (quotation omitted).

> [T]he district court must determine whether good cause exists for the plaintiff's failure to serve the defendant within the 120-day deadline, not whether good cause exists for an extension of time to complete service. In determining whether good cause exists, the district court must focus on the plaintiff's reasons for not complying with the time limit in the first place.

*Id.* (quotation omitted).

The action was initially filed in February 2012. This Court's June 7 Order put Seretse on notice of the 120-day requirement and directed him to explain why the Complaint had not yet been served. (Order at 1, June 7, 2012.) Seretse first responded to the Court's Order by requesting additional time, but, because the request did not specify why such an extension was necessary, the Court denied the request without prejudice. (Docket Nos. 7, 8.)

Seretse subsequently filed an additional request for an extension,[2] explaining that, since the filing of the initial Complaint, he has moved, taken classes, misplaced his documents, celebrated the graduations of his children, and experienced financial hardship. (Docket Nos. 9, 10.) This Court concluded that Seretse had shown good cause for a modest extension and granted him an additional 30 days in which to comply with the June 7 Order. (Docket No. 11.) During the next 30 days, Seretse filed an Amended Complaint,[3] but did not comply with the June 7 Order. (*See* Am. Compl.; Report & Recommendation at 1-2.) In the nearly 13 months since this action was initially filed, there is no evidence in the record that Andersen has been properly served.[4] *Cf. Myers v. John Deer Ltd.*, 683 F.2d 270, 272 (8th Cir. 1982) (affirming denial of motion to dismiss for improper service of process when record showed that service defects were subsequently cured).

The Court is cognizant of Seretse's pro se status and the significant latitude given to pro se litigants to correct deficiencies. *See, e.g.*, *Burgs v. Sissel*, 745 F.2d 526, 527 (8th Cir. 1984) (per curiam) (stating "pro se pleadings are to be construed liberally); *see also Angellino v. Royal Family Al-Saud*, 668 F.3d 771, 778 (D.C. Cir. 2012) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects

---

[2] While Seretse filed extension requests on both June 29 and July 2, 2012, they are both copies of the same document. (*Compare* Docket No. 9 *with* Docket No. 10.)

[3] The fact that Seretse filed an Amended Complaint on August 28, 2012, does not restart the 120-day time period. "The courts have made clear that plaintiff's amendment of the complaint does not justify delay in service of the original complaint unless the amended complaint names a new party." *Baden*, 115 F.R.D. at 586 n.3. Even then, a "new" 120-day period "beings to run [only] as to the added defendant. . . . [T]he amendment does not toll the 120-day period as to defendants already named." *Id.* Andersen is the sole defendant in both the initial and Amended Complaints.

[4] While Andersen's motion to dismiss was pending, Seretse attempted service *by mail* a third time, this time on Andersen's counsel. (*See* Docket No. 27.) The fact remains, however, that Andersen has never waived personal service.

in service of process and pleadings." (quotation omitted)).  The Court gave Seretse such latitude back in June, when denying his motion for an extension without prejudice; in August, when granting him an additional 30 days to comply with the Court's June 7 Order based on an albeit late showing of good cause; and in November and December, when continuing Andersen's motion to dismiss for two months to allow Seretse time to consult with the Pro Se Project.  While pro se litigants are accorded significant latitude, "[p]ro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam); *see also Burgs*, 745 F.2d at 527 ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."); *Persons*, 2011 WL 6225386, at *2 (same).  Similarly, "[a] pro se litigant should receive meaningful notice of what is expected of him, but the court is not permitted to act as counsel for either party." *Burgs*, F.2d at 527.

As this Court previously stated, "the uncertainty caused by delayed resolution is itself a type of prejudice."  (Order at 3, November 28, 2012, Docket No. 31.)  Andersen has done nothing to hinder Seretse from effecting proper service in the last 13 months.  And, it need not help him do so.

[Continued on next page.]

## IV.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (Docket No. 16) **BE GRANTED**;

2. Plaintiff's improperly captioned "Notice of Motion and Motion to Dismiss" (Docket No. 37) **BE TERMED**; and

3. This matter be dismissed without prejudice.


Date: May    15   , 2013                                         *s/ Tony N. Leung*
                                                                 Tony N. Leung
                                                                 United States Magistrate Judge
                                                                 for the District of Minnesota


*Seretse v. Andersen Corp.*
File No. 12-cv-323 (SRN/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court **before May 31, 2013**.